UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIAM E. MATTINGLY**                                                **MOVANT/DEFENDANT**

v.                                                                      **CIVIL ACTION NO. 5:05CV-P85-R**
                                                                        **CRIMINAL ACTION NO. 5:02CR-1-R**

**UNITED STATES OF AMERICA**                                            **RESPONDENT/PLAINTIFF**

## MEMORANDUM AND ORDER

The movant filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 claiming (1) that the district court "erred in sentencing him on the bases of a preponderance of evidence of methamphetamine" in violation of *United States v. Booker*, --- U.S. ----, 125 S. Ct. 738 (2005) ("*Booker*"); (2) that the district court erred in sentencing him "by enhancing [his] Criminal History Category . . . from offense Level I to Offense Level III" in violation of *Booker*; and (3) that his counsel was ineffective for not objecting to drug quantity. *See* Civil Action No. 5:05CV-P85-R, DN 1. The motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Section 2255 provides for a one-year limitations period, which shall run from the latest of four circumstances:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

Because the movant alleges no impediment created by the government or no newly discovered evidence, circumstances two and four are inapplicable, and the movant's reliance on the Supreme Court's recent decision in *Booker* does not render the third circumstance applicable to his case. Although the Supreme Court did not decide *Booker* until January 12, 2005, the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review, *Booker v. United States*, 125 S. Ct. at 769 ("[W]e must apply today's holdings . . . to all cases on direct review."), and the Sixth Circuit Court of Appeals has specifically concluded that "*Booker*'s rule does **not** apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d at 860 (emphasis added). Consequently, the first circumstance listed above applies, and the one-year period of limitations began to run on the date the movant's judgment of conviction became final.

The movant's judgment of conviction was entered on May 15, 2003, *see* Criminal Action No. 5:02CR-1-R, DN 368, and no appeal was filed. "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment. . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period began running on May 27, 2003.[1] Since the movant did not file the instant § 2255 motion until nearly two years

---

[1] Under Federal Rule of Appellate Procedure 26(a)(3), when computing time, "[i]nclude the last day of the period unless it is a Saturday, Sunday, legal holiday. . . ." Because the 10th day, May 25, 2003, fell on a Sunday and because the following Monday, May 26, 2003, was Memorial Day, a legal holiday, the 10-day appeal period did not expire until Tuesday, May 27, 2003.

later on April 14, 2005,[2] the motion is time barred.  Before dismissing the action, however, the Court will provide the movant with "notice and an adequate opportunity to be heard."  *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, the movant must show cause why the § 2255 motion to vacate, set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:     Movant, *pro se*
4413.005

---

[2]Under the mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions).  Absent evidence to the contrary, the Court presumes that the movant deposited his § 2255 motion in the prison mail system on April 14, 2005, the date he signed the motion.